Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000131
30-MAY-2017
07:56 AM

NO. CAAP-17-0000131

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Petitioner-Appellee,
v.
JOZUA HFVAK, aka JON MAJOR, Respondent-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P. NO. 16-1-0325)

ORDER DISMISSING APPELLATE COURT CASE NUMBER
CAAP-17-0000131 FOR LACK OF APPELLATE JURISDICTION
AND
DISMISSING ALL PENDING MOTIONS IN CAAP-17-0000131 AS MOOT
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of the record on appeal for appellate court case number CAAP-17-0000131, it appears that we lack appellate jurisdiction over Respondent-Appellant Jozua Hfvak aka Jon Major's (Appellant Hfvak) appeal because the circuit court has not yet entered an order that finally determines, and, thus, ends, all proceedings on Appellant Hfvak's underlying petition for writ of habeas corpus.[1]

---

[1] This is the second of two appeals taken by Appellant Hfvak from what appears to be the same two orders. On January 12, 2017, Appellant Hfvak filed a notice of appeal that purported to assert an appeal from (1) the circuit court's December 14, 2016 minute order announcing the circuit court's intent to enter an order denying Appellant Hfvak's petition for a writ of habeas

(continued...)

When Petitioner-Appellee State of Hawai'i (Appellee State) filed a complaint to extradite Appellant Hfvak to the State of Washington in S.P. No. 16-1-0325 pursuant to Hawaii Revised Statutes (HRS) § 832-6 (2014), Appellant Hfvak apparently invoked his right to petition the circuit court for a writ of habeas corpus pursuant to HRS § 832-10 (2014), which provides:

> § 832-10. Rights of accused person; application for writ of habeas corpus.
>
> No person arrested upon the warrant shall be delivered over to the agent whom the executive authority demanding him has appointed to receive him unless he shall first be taken before a judge of a court of record in this State, who shall inform him of the demand made for his surrender and of the crime with which he is charged, and that he has the right to demand and procure legal counsel; and <u>if the prisoner or his counsel states that he or they desire to test the legality of his arrest, the judge of the court of record shall fix a reasonable time to be allowed him within which to apply for a writ of habeas corpus</u>. When the writ is applied for, notice thereof, and of the time and place of hearing thereon, shall be given to the prosecuting officer of the county in which the arrest is made and in which the accused is in custody, and to the agent of the demanding state.

(Emphasis added). During the pendency of Appellant Hfvak's petition for a writ of habeas corpus, the circuit court entered the December 14, 2016 minute order and December 14, 2016 order pertaining to bail, which Appellant Hfvak designated in his earlier, January 12, 2017, notice of appeal for appellate court case number CAAP-17-0000015.

A habeas corpus action is a civil case "to enforce the civil right of personal liberty." <u>Ex parte Mankichi</u>, 13 Haw. 570 (Terr. 1901). Moreover, it has expressly been recognized, in the context of extradition proceedings, that a petition for a writ of habeas corpus is civil in nature. <u>See</u> <u>Rodriquez v. Sandoval</u>, 680 P.2d 1278 (Colo. 1984); <u>In re Dean</u>, 251 A.2d 347, 349 (Del.

---

[1]/ (...continued)
corpus, and (2) the December 14, 2016 order pertaining to bail. This first appeal became appellate court case number CAAP-17-0000015. On March 2, 2017, Appellant Hfvak filed the instant notice of appeal which appears to contest the same orders. This second appeal became appellate court case number CAAP-17-0000131. On May 10, 2017, Appellant Hfvak filed a motion to consolidate the two appeals.

1969) ("Even when a petition is filed by a prisoner, the proceeding remains civil in nature; it does not change character by reason of the status of the petitioner."). We further note that, in Murray v. Burns, 48 Haw. 508, 405 P.2d 309 (1965), the Supreme Court of Hawaiʻi exercised appellate jurisdiction in an appeal from an "order of the Circuit Court denying a petition for a writ of habeas corpus," in which the petitioners challenged extradition under Hawaii's Uniform Criminal Extradition Act.

In civil circuit court proceedings, HRS § 641-1(a) (2016) authorizes appeals from a circuit court to the Hawaiʻi Intermediate Court of Appeals from "final judgments, orders, or decrees[.]" (Emphasis added). Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). Rule 58 of the Hawaiʻi Rules of Civil Procedure (HRCP) requires that "[e]very judgment shall be set forth on a separate document." Based on this requirement under HRCP Rule 58, the Supreme Court of Hawaiʻi holds that "[a]n appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994).

However, the Hawaiʻi Rules of Civil Procedure "shall not apply" to "[h]abeas corpus proceedings under chapter 660[.]" HRCP Rule 81(a)(6). In our view, Appellant Hfvak's petition for a writ of habeas corpus pursuant to HRS § 832-10 (2014) is similar to, and arguably is also in accordance with, a petition for a writ of habeas corpus under HRS § 660-5 (2016). Therefore, it appears that the separate document rule under HRCP Rule 58 and the holding in Jenkins does not apply to this case. As already stated, HRS § 641-1(a) authorizes appeals to the Hawaiʻi Intermediate Court of Appeals from a circuit court's final order, and the term "[f]inal order means an order ending the proceedings, leaving nothing further to be accomplished."

3

Familian Northwest v. Central Pacific Boiler, 68 Haw. 368, 370, 714 P.2d 936, 937 (1986) (citations and internal quotation marks omitted).

Based on the record for this appeal, the circuit court has not yet entered an appealable written order that expressly grants or denies Hfvak's petition for a writ of habeas corpus leaving nothing further to be accomplished. The December 14, 2016 order pertaining to bail did not expressly adjudicate Appellant Hfvak's petition, but, instead, it merely fixed bail at $125,000.00 and directed that if Appellant Hfvak was not extradited by January 17, 2017, then Appellant Hfvak would be required to appear for a proof of compliance hearing on January 17, 2017. Although the circuit court issued a December 14, 2016 minute order announcing the circuit court's intent to deny Appellant Hfvak's petition for a writ of habeas corpus pursuant to HRS § 832-10 (2014), "a minute order is not an appealable order." Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 321 n.3, 966 P.2d 631, 633 n.3 (1998). The concept of entry of an order "signifies something more formal than mere oral rendition of an order or ruling of the court, and contemplates a filed written order." Scott v. Liu, 46 Haw. 221, 225-26 377 P.2d 696, 700 (1963); State v. Bulgo, 45 Haw. 501, 503, 370 P.2d 480, 482 (1962).

Absent an appealable final written order, signed by the presiding judge, that finally determines all issues, and, thus, ends the petition for writ of habeas corpus proceeding, leaving nothing further to be accomplished, we lack appellate jurisdiction over appellate court case number CAAP-17-0000131, and Appellant Hfvak's appeal is premature. When an appellate court lacks appellate jurisdiction, dismissal is the only appropriate remedy.

> [J]urisdiction is the base requirement for any court considering and resolving an appeal or original action. Appellate courts, upon determining that they lack jurisdiction shall not require anything other than a dismissal of the appeal or action. Without jurisdiction, a court is not in a position to consider the case further.

4

> Thus, appellate courts have an obligation to insure that they have jurisdiction to hear and determine each case. The lack of subject matter jurisdiction can never be waived by any party at any time. Accordingly, when we perceive a jurisdictional defect in an appeal, we must, sua sponte, dismiss that appeal.

Housing Fin. and Dev. Corp. v. Castle, 79 Hawai'i 64, 76, 898 P.2d 576, 588 (1995) (citation, internal quotation marks, and ellipsis points omitted; emphasis added). Therefore,

IT IS HEREBY ORDERED that appellate court case number CAAP-17-0000131 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED that all pending motions in appellate court case number CAAP-17-0000131 are dismissed as moot.

DATED: Honolulu, Hawai'i, May 30, 2017.

Presiding Judge

Associate Judge

Associate Judge